# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ALORICA INC., § § § *Plaintiff,* § v. § § Civil Action No. 4:24-cv-30 TECH MAHINDRA (AMERICAS) § Judge Mazzant INC., § § § *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Alorica Inc.'s Partial Motion to Dismiss Defendant Tech Mahindra (America) Inc.'s Second Amended Answer and Brief in Support (Dkt. #77). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

This case arises from a dispute over payments allegedly due under a service contract and subsequent amendment. In April 2021, the parties executed a contract under which Plaintiff agreed to provide customer support services for Defendant in support of Defendant's obligations to AT&T (Dkt. #77 at p. 5). The contract permitted either party to terminate the agreement on forty-five days' written notice (Dkt. #77 at p. 5). In June 2022, Plaintiff exercised this termination provision (Dkt. #77 at p. 5). Following negotiations, the parties entered into an amendment in August 2022 that raised rates for U.S.-based employees, included a ramp-down plan to transition services offshore, and introduced a monthly billing schedule (Dkt. #77 at p. 5).

The parties' dispute centers on the effect of changes to the ramp-down plan and how those changes impacted Plaintiff's invoicing. The amendment included an "Excusable Delays" provision

stating that Plaintiff would not be liable for delays or inability to perform due to ramp changes initiated by AT&T (Dkt. #77 at p. 5). Plaintiff contends that AT&T ordered a halt to the transition plan contemplated by the amendment, resulting in continued service delivery from higher-cost U.S.-based employees and invoices exceeding the monthly billing schedule (Dkt. #77 at p. 6). Defendant did not pay the portion of the invoices that exceeded the agreed billing schedule but continued to request and receive services from Plaintiff (Dkt. #77 at p. 6).

Defendant also claims Plaintiff intentionally misrepresented its intent to abide by the amendment as part of a broader effort to undermine Defendant's relationship with AT&T and obtain a direct contract with AT&T (Dkt. #77 at p. 4). According to Defendant, Plaintiff's termination notice and renegotiation of terms were issued in bad faith to extract more favorable terms, knowing that Defendant was under pressure from AT&T to preserve the subcontract (Dkt. #77 at pp. 10–11). Plaintiff disputes these allegations, asserting that its conduct was consistent with the contract and that any change in the ramp plan resulted from AT&T's directives, which were contemplated under the amendment (Dkt. #85 at p. 10).

On January 12, 2024, Plaintiff filed this lawsuit seeking recovery of approximately $2.21 million in unpaid invoices (Dkt. #1 at pp. 2–3). On March 12, 2024, Defendant filed its Answer and asserted counterclaims for breach of contract and promissory estoppel (Dkt. #5 at pp. 5–7). On February 10, 2025, Defendant filed its Second Amended Answer, adding a counterclaim for fraudulent misrepresentation (Dkt. #69 at p. 18). On February 24, 2025, Plaintiff filed its Partial Motion to Dismiss the fraudulent misrepresentation counterclaim (Dkt. #77). On March 10, 2025, Defendant filed its Response (Dkt. #85). On March 17, 2025, Plaintiff filed its Reply (Dkt. #90). The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I.     Rule 9(b) Legal Standard

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide defendants with fair notice of the plaintiffs' claims, protect defendants from harm to their reputation and goodwill, reduce the number of strike suits, and prevent plaintiffs from filing baseless claims . . . ." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)) (citation modified). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26, 2010) ("'[W]hen the parties have not urged a separate focus on the negligent misrepresentation

3

claims,' the Fifth Circuit has found negligent misrepresentations claims subject to Rule 9(b) in the same manner as fraud claims."). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *U.S. ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## II.     Rule 12(b)(6) Legal Standard

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing Defendant's Second Amended Answer and the arguments presented in the briefs, the Court finds that Defendant has stated plausible claims for relief under Rules 9 and 12(b)(6). Accordingly, the Court **DENIES** Plaintiff's Partial Motion to Dismiss.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Alorica Inc.'s Partial Motion to Dismiss Defendant Tech Mahindra (America) Inc.'s Second Amended Answer and Brief in Support (Dkt. #77) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 5th day of August, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE