# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ALORICA INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-30 |
| | § | Judge Mazzant |
| TECH MAHINDRA (AMERICAS) | § | |
| INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Alorica Inc.'s Motion to Strike and Exclude Defendant Tech Mahindra (Americas) Inc.'s Expert David Fuller (Dkt. #130). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This case involves a contractual dispute relating to Defendant's business relationship with AT&T Services Inc. ("AT&T") (Dkt. #1 at pp. 2–3). Defendant asserts that Plaintiff's conduct caused damages, including employee time lost to negotiating an amendment, addressing issues from the alleged breach, and repairing Defendant's AT&T relationship (Dkt. #130 at p. 4).

To quantify these damages, Defendant retained David Fuller, a Chartered Financial Analyst, Accredited Senior Appraiser, and Certified Fraud Examiner (Dkt. #130 at p. 4). Fuller relied on payroll records for three employees and a declaration from Defendant's corporate representative identifying the number of workdays those employees devoted to the relevant tasks (Dkt. #130 at pp. 4–5). Using this information, Fuller calculated daily salary rates and multiplied them by the days reported, resulting in a damages figure of $33,900.77 (Dkt. #130 at p. 5).

Plaintiff contends that Fuller merely performed basic arithmetic without applying specialized expertise, arguing that his testimony would improperly lend undue credibility to Defendant's damages claim (Dkt. #130 at p. 4). Defendant responds that even straightforward calculations may be admissible when grounded in professional judgment and that any concerns about the underlying data go to the weight, not the admissibility, of Fuller's opinion (Dkt. #135 at pp. 7–8).

On May 20, 2025, Plaintiff moved to strike and exclude Fuller's testimony under Federal Rule of Evidence 702 (Dkt. #130). On June 3, 2025, Defendant filed its Response (Dkt. #135). On June 10, 2025, Plaintiff filed its Reply (Dkt. #137).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharms., Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be

admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589.

"This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony."

*Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

To determine whether Fuller's expert testimony is admissible, the Court considers both Rule 702 and Rule 403 of the Federal Rules of Evidence. The Court first evaluates whether Fuller's challenged opinions satisfy the requirements of Rule 702. *See* FED. R. EVID. 702. Assuming he

3

meets the requirements under Rule 702 (he does), the Court will then assess under Rule 403 whether the probative value of Fuller's opinions is substantially outweighed by any risk of unfair prejudice. *See* FED. R. EVID. 403. The Court addresses each issue in turn below.

## I.      Admissibility Under Rule 702

Rule 702 permits testimony by an expert "who is qualified by knowledge, skill, experience, training, or education" to be used at trial if it is more likely than not that: (1) the expert's specialized knowledge is helpful to the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. *See* FED. R. EVID. 702. For the reasons below, Fuller's testimony satisfies these criteria under Rule 702.

### A.      Fuller is qualified.

First, there is no dispute that Fuller is a Chartered Financial Analyst, Accredited Senior Appraiser, and Certified Fraud Examiner (Dkt. #130 at p. 4). Plaintiff does not challenge his credentials directly but argues that he failed to apply them in forming his opinions (Dkt. #13 at p. 4). Fuller's background and certifications establish that he is qualified under Rule 702 to provide opinions on damages and financial analysis.

### B.      Fuller's specialized knowledge will help the trier of fact.

Next, the Court turns to the central question: whether Fuller's testimony will help the jury. Plaintiff contends that his opinion is unhelpful because it is limited to "elementary-level arithmetic" requiring no expertise (Dkt. #130 at p. 4). Defendant responds that even simple calculations can be admissible when framed by specialized knowledge, and that Fuller's testimony will aid the jury by organizing payroll data and time allocations into a coherent damages model

(Dkt. #135 at pp. 8–11). The Court agrees that Fuller's testimony may assist the trier of fact by explaining how employee salaries and reported workdays translate into a damages figure. That the math is simple does not, by itself, render the opinion inadmissible.

### C.    Fuller's testimony is based on sufficient facts and data.

Fuller relied on payroll records and the Franklin Declaration to determine employee compensation and time spent on tasks (Dkt. #135 at p. 9). Alorica argues that Fuller failed to verify these sources and simply accepted the numbers provided (Dkt. #137 at pp. 1–2). Defendant counters that experts may rely on documents produced in discovery, including party declarations, under Rule 703 (Dkt. #135 at p. 11). The Court finds that Fuller's reliance on payroll records and a sworn declaration provides a sufficient factual basis to satisfy Rule 702(b). The Court agrees that any challenge to those inputs' reliability speaks to the weight of the testimony, not its admissibility.

### D.    Fuller's testimony is the product of reliable principles and methods reliably applied to the facts of the case.

Fuller divided bi-weekly salaries by ten to calculate daily rates and multiplied those rates by the number of workdays listed in the Franklin Declaration, yielding a damages estimate of $33,900.77 (Dkt. #130 at pp. 4–5). Plaintiff characterizes this as parroting numbers without methodology (Dkt. #137 at p. 1), while Tech Mahindra frames it as applying financial expertise to convert compensation data into damages (Dkt. #135 at pp. 10–11). The Court concludes that Fuller's methodology is straightforward but reliable for the limited purpose it serves. Moreover, the Court finds that Fuller applied his methodology consistently and transparently to the facts. While his calculations are not complex, they are replicable and tied to the data sources identified. To the extent Plaintiff believes Fuller should have done more independent verification, those

criticisms are better addressed through cross-examination than exclusion. *See United States v. Hodge*, 933 F.3d 468, 477 (5th Cir. 2019) (quoting *Daubert*, 509 U.S. at 594).

## II.    Admissibility Under Rule 403

Having found that Fuller's opinions are admissible under Rule 702, the Court next considers whether they should be excluded under Rule 403. That rule allows a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Plaintiff argues that permitting Fuller to testify would unfairly prejudice the jury because cloaking simple arithmetic in the authority of expert testimony would lend improper weight to Defendant's damages claim (Dkt. #137 at p. 4). Defendant responds that any weaknesses in Fuller's analysis can be explored on cross-examination and that the testimony poses no risk of confusion or undue prejudice (Dkt. #135 at p. 11).

The Court agrees with Defendant. Fuller's testimony, though based on simple calculations, is probative of Defendant's damages theory. Concerns about the simplicity of the arithmetic are properly addressed through cross-examination and competing evidence, not exclusion under Rule 403. *Hodge*, 933 F.3d at 477 . Thus, the Court finds that Rule 403 does not bar Fuller's testimony.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Alorica Inc.'s Motion to Strike and Exclude Defendant Tech Mahindra (Americas) Inc.'s Expert David Fuller (Dkt. #130) is hereby **DENIED**. Fuller is qualified and his testimony is admissible under Rule 702 to the extent he explains and applies his damages calculations based on payroll records and the Franklin Declaration. However,

Fuller may not testify beyond the scope of those calculations or suggest that his opinions are based

on independent verification or specialized financial analysis that he did not perform.

**IT IS SO ORDERED.**

**SIGNED this 5th day of September, 2025.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE