# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ALORICA INC., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 4:24-cv-30 |
| § | Judge Mazzant |
| TECH MAHINDRA (AMERICAS) § | |
| INC., § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Exclude (Dkt. #190). Having considered the Motion, the relevant pleadings, the parties' arguments and briefing, and the applicable law, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

The background of this lawsuit is more thoroughly set forth in the Court's Memorandum Opinion and Order on the parties cross-motions for summary judgment (Dkt. #172). On August 6, 2025, the parties filed their original Trial Exhibit List, Witness List, and Deposition Designations with the Proposed Joint Pretrial Order (Dkt. #147). On August 28, 2025, the Court issued a Memorandum Opinion and Order on the parties cross-motions for summary judgment (Dkt. #172). The Court's summary judgment order significantly narrowed the issues for trial. *See* Dkt. #172 at p. 21 (disposing of almost all of the parties' legal claims other than Plaintiff and Defendant's breach of contract claims, Plaintiff's suit on sworn account, and Defendant's misrepresentation claim).[1]

---

[1] On September 2, 2025, the issues for trial were further narrowed after Defendant voluntarily moved to dismiss, with prejudice, its counterclaim against Plaintiff for misrepresentation (Dkt. #176).

Additionally, the Court's summary judgment order made important findings on matters of law relating to the interpretation of the Contract,[2] each of which are pertinent to the resolution of this dispute. *See* Dkt. #172 at p. 11 (finding that the Contract is unambiguous and also ruling in favor of Plaintiff's interpretation including, but not limited to, the exception contained in Section 6.2 of the Contract).

On September 2, 2025, despite the legal issues and claims being significantly narrowed, Defendant filed an opposed Motion for Leave to Amend Exhibit List and Witness List (Dkt. #175). Defendant's Second Amended Trial Exhibits included twenty-four new exhibits, all new deposition designations for a prior witness, and deposition designations for three new witnesses (*See* Dkt. #175-1 at p. 4–8; Dkt. #175-2 at p. 3–13). In support of its motion, Defendant argues that leave to amend is necessary because the Court's summary judgment order altered the central issue at trial. *See* Dkt. #175 at ¶ 2 ("Because Tech Mahindra had previously prepared its exhibits and witness list with the expectation that the interpretation of the Amendment, rather than the nature and characterization would be the crux of trial, amendment is now necessary to address the Court's Order.").

On September 4, 2025, Plaintiff filed its Opposition to Defendant's Moton for Leave to Amend Exhibit List and Witness List (Dkt. #176). In support of its opposition, Plaintiff argues that Defendant should not be given leave to amend because it has failed to establish good cause. *See* Dkt. #176 at p. 4 ("Tech Mahindra's argument that AT&T's instruction to halt the Transition Plan is just now a central issue at trial, thus allowing Tech Mahindra to substantially alter its trial disclosures, is a farce."). In addition, Plaintiff also argues that it would be significantly prejudiced

---

[2] The Court's use of the term "Contract" encompasses the 2021 Contract and the 2022 Amendment at issue.

by Defendant's untimely disclosures. *See* Dkt. #176 at p. 6 ("Alorica has been preparing for trial for the past month using the exhibits and witnesses originally disclosed by Plaintiff, including witness preparation, demonstratives, and arguments. . . Now, Alorica's time and efforts are being cast out the window by Tech Mahindra's hard pivot.").

On September 5, 2025, the parties appeared before this Court for the pretrial conference. At the pretrial conference, the Court addressed, among other things, the pending Motion for Leave to Amend filed by Defendants. In support of its motion, Defendant continued to argue that leave was necessary because the central issue at trial has changed. On the other hand, in support of its opposition, Plaintiff continued to plead that it would be significantly prejudiced if the Court allowed leave to amend. After considering the arguments from both sides, the Court granted Defendant's Motion for Leave but requested that the parties submit trial briefs on the abovementioned issue. In granting Defendant's Motion for Leave to Amend the Court, however, made clear that although the exhibits are now included, it does not mean that the Court will allow them to be admitted as evidence at trial. On September 7, 2025, the parties each filed trial briefs in response to the request made by the Court during the pre-trial conference (*See* Dkt. #188; Dkt. #189).

## LEGAL STANDARD

### I.     Untimely Evidence

Rule 37 of the Federal Rules of Civil Procedure provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED R. CIV. P. 37(c)(1). "Rule 37(c)(1) is a self-executing . . . automatic sanction intended to provide a strong inducement for parties to diligently comply

3

with their Rule 26 requirements." *See Silva v. United States*, 2022 WL 22298558, at *4 (S.D. Tex. April 27, 2022) (citation omitted). "The purpose of Rule 37(c)(1) is to prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence." *See Jonibach Mgmt. Tr. v. Wartburg Enterprises, Inc.*, 136 F. Supp. 3d 792, 808 (S.D. Tex. 2015) (citing *Reed v. Iowa Marine and Repair Corporation*, 16 F.3d 82, 84 (5th Cir. 1994)).

"Determining whether to impose the exclusionary effect of Rule 37(c)(1) is a two-step process committed to the sound discretion of the district court." *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 832 F.3d 546, 563 (5th Cir. 2006). "First, the court must determine whether a party has failed to comply with its Rule 26(a) disclosure requirement or its Rule 26(e) supplementation obligation." *See Mission Toxicology, LLC v. UnitedHealth Care Ins. Co.*, 499 F. Supp. 3d 338, 344 (W.D. Tex. 2020). If so, the court must determine "whether that party has shown substantial justification for the failure or that the failure is harmless." *Id.* To evaluate substantial justification or harmlessness, courts may examine the following factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Id.*

## II.     Irrelevant Evidence

Rule 401 and 402 of the Federal Rules of Evidence generally permit the admission of "all relevant evidence," which is defined as "evidence having any tendency to make the existence of any material fact more probable or less probable than it would be without the evidence." *See Bevill v. City of Quitman, Texas*, 2025 WL 2306849, at *31 (E.D. Tex. Aug. 11, 2025) (cleaned up); *see also Greger v. C.R. Bard, Inc.*, 2021 WL 3855474, at *12 (E.D. Tex. Aug. 30, 2021) (stating that Federal Rules of Evidence 401 and 402 govern the relevance of evidence). In determining legal relevance, "the [d]istrict courts are given broad discretion in ruling on the admissibility of evidence" and its

4

decision will only be reversed "when the district court has clearly abused this discretion." *See Mississippi Phosphates Corp. v. Analytic Stress Relieving, Inc.*, 402 F. App'x. 866, 873 (5th Cir. 2010); *see also Slovensky v. Fluor Corp.*, 575 F. App'x. 306, 308 (5th Cir. 2014) ("In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to district court's evidentiary rulings.") (citation omitted).

### III. Prejudicial Evidence

Rule 403 of the Federal Rules of Evidence permits a court to "exclude relevant evidence if its probative value is substantially outweighed by one or more of the following: undue prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See United States v. Rider*, 2022 WL 2813719, at *2 (E.D. Tex. July 18, 2022) (citing FED. R. EVID. 403). "In making determinations as to whether probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading jury, [the] district [court] judge is given broad discretion." *See Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1351, 1356 (5th Cir. 1983); *see also Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735, 740 (5th Cir. 2020) ("[A] trial court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion.").

## ANALYSIS

Plaintiff claims that its Motion to Exclude the new evidence in Defendant's Motion for Leave to Amend Exhibit List and Witness List should be granted because the new evidence is (1) untimely, (2) not relevant to any properly pleaded claim, (3) any marginal relevant is substantially outweighed by the danger of unfair prejudice, and (4) the law precludes trial by ambush (Dkt. #190 at p. 1). The Court addresses each of Plaintiff's arguments separately below.

I. **Untimely Evidence**

Plaintiff argues that the Court should exclude Defendant's new evidence because it is untimely. *See* Dkt. #190 at p. 1–2 (arguing that Defendant's new evidence should be excluded because it was filed just days before the trial was set to begin). Defendant does not disagree that its new evidence was filed untimely (*See* Dkt. #175; Dkt. #189). However, Defendant argues that good cause exists to permit amendment of the exhibit list and witness list. *See* Dkt. #189 at p. 5 (arguing that the new evidence is necessary after the Court's summary judgment order changed the central issue in the case which only previously lurked in the background). As set out below, the Court agrees with Plaintiff.

The parties agree that the new evidence in Defendant's Second Amended Exhibit List was not timely. The question, then, is whether Defendant has shown that its failure to timely disclose the new evidence was either substantially justified or harmless. *See Mission Toxicology, LLC*, 499 F. Supp. 3d at 344 (explaining the after the movant establishes untimely disclosure the burden is on the non-disclosing party to prove substantial justification or harmlessness). To evaluate substantial justification and harmlessness, courts may consider the following factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Id.*; *see also Lyondell Chemical Co. v. Albemarle Corp.*, 2007 WL 5517453, at *4 (E.D. Tex. Feb. 28, 2007) (finding that the late-disclosed evidence is important if it is relevant to an important issue pending before the court); *Taft v. Target Corp.*, 2024 WL 1251545, at *2 (finding that including the late-disclosed evidence would prejudice the party where the case has been pending for nearly two years, the discovery period has been closed for five months, and motion practice has concluded).

After weighing the relevant factors, the Court finds that Defendant has failed to establish that its untimely disclosure was justifiable or harmless. First, as set forth in more detail below, Defendant's new evidence is not important because it is not relevant to the central issue in this case. Second, the prejudice to Plaintiff if the new evidence were included at this late stage is apparent. Discovery is long since closed. *See* Dkt. #11 at p. 2 (providing that the discovery deadline in this case is October 30, 2024). And Plaintiff has prepared its entire litigation strategy without an opportunity to adequately counter and defend against Defendant's late-disclosed evidence. Third, a continuance will not cure this prejudice in any respect. This case has been pending for almost two years. Defendant's new evidence was disclosed almost a year after the close of discovery and the case was set for trial just six days later. If the Court were to grant a continuance at this late of a stage it would cost the parties unnecessary time and money. Fourth, Defendant fails to provide a good explanation for its failure to timely disclose the new evidence. Defendant contends that the new evidence was not timely disclosed because it was not needed until the Court's summary judgment order changed the central issue at trial (*See* Dkt. #175 at ¶ 2; Dkt. #189 at p. 5). The Court disagrees. The central issue has remained the same throughout the entirety of this case. And, if anything, it appears Defendant is offering this explanation as a pretext to try and amend its exhibits after it received an unfavorable ruling in the Court's recent summary judgment order. Accordingly, the Court finds that Defendant's new evidence should be excluded.

## II.     Irrelevant Evidence

Plaintiff argues that the Court should exclude Defendant's new evidence because it is irrelevant to any properly pleaded claim (*See* Dkt. #190 at p. 2). More specifically, Plaintiff claims that the new evidence relates almost entirely to its negotiations of post-amendment work for AT&T under a subsequent contract to which Defendant was not a party (*See* Dkt. #190 at p. 2). Defendant,

on the other hand, argues that the new evidence is not irrelevant, but instead bears directly on the central question in the case (*See* Dkt. #189 at p. 5–6). According to Defendant, all of the new evidence, except for three spreadsheets bearing on damages, establishes that AT&T's instruction to halt the Transition Plan amounted to a revision within the meaning of the Contract (*See* Dkt. #189 at p. 5–7).

Federal Rule of Evidence 401 provides that evidence is relevant, and thus admissible, only if it: "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *U.S. v. Duruisseau*, 796 F. App'x. 827, 828 (5th Cir. 2019). In other words, "the evidence must be probative of the proposition it is offered to prove, and the proposition to be proved must be one that is of consequence to the determination of the action." *WAG Acquisition, L.L.C. v. Technius Ltd.*, 2025 WL 2412343, at *2 (E.D. Tex. Aug. 20, 2025) (citing *U.S. v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981)) (cleaned up); *see also Lopez v. Director, TDCJ-CID*, 2023 WL 8287058, at *5 (E.D. Tex. Oct. 16, 2023) ("When determining whether evidence is relevant, it is important for courts to examine the purpose for which the evidence is being introduced. It is critical that there is a direct or logical connection between the actual evidence and the proposition sought to be proved."). To be a fact of consequence in the case "the proposition to be proved must be part of the hypothesis governing the case, a matter that is in issue, or probative of a matter that is in issue, in the litigation." *See Riley v. Continental General Tire, Inc.*, 2002 WL 34357197, at *1 (E.D. Tex. Feb. 28, 2002) (citation omitted). Therefore, a determination of what evidence is relevant "requires an analysis of the claims and defenses in the case." *Estrada v. Wallace*, 2013 WL 12142528, at *1 (E.D. Tex. Mar. 27, 2013); *see also Meier v. UHS of Delaware, Inc.*, 2021 WL 2043187, at *3 (E.D. Tex. May 21, 2021)

(finding that evidence in question was relevant because it goes to the elements of the claim at issue in the case); *Riley*, 2002 WL 34357197, at *1 (finding that the court must look to the elements of plaintiffs' causes of action to determine the facts of consequence).

In the summary judgment order, the Court made numerous findings, as a matter of law, about the Contract at issue. *See* Dkt. #172 at p. 11–15 (finding that the Contract was unambiguous and then determining the respective rights and obligation the parties agreed to be bound by). Ultimately, the Court's summary judgment order disposed of all legal issues in the case relating to the parties breach of contract claims, and left a single narrow issue for the jury to decide at trial: "whether AT&T's halt the Transition Plan constitute an Excusable Delay as contemplated by the Contract, or whether it was a revision of the Transition Plan." (*See* Dkt. #172 at p. 15). Based on the single narrow issue identified by the Court, Defendant's breach of contract claim turns entirely on whether AT&T's instruction to halt the Transition Plan constitutes a revision of the Transition Plan. Thus, to be relevant, the Court must determine whether Defendant's new evidence would make it more probable that AT&T's instruction to halt the Transition Plan constitutes a revision of the Transition Plan, which would be of consequence in determining Plaintiff's liability.

Here, Defendant argues that the new evidence—consisting of additional exhibits and deposition designations—is relevant because it helps prove that AT&T's instruction to halt the Transition Plan amounted to a revision of the Transition Plan within the meaning of the Contract. *See* Dkt. #189 at p. 5–6 ("Except for the three spreadsheets bearing on damages, ***all of*** Tech Mahindra's newly designated evidence bears on the nature of AT&T's instruction to Alorica— whether it amounted to a "change in ramp" or a "revision" within the meaning of the Contract."). More specifically, Defendant argues that the new evidence "show that AT&T's instruction to

9

Plaintiff to halt the Transition Plan was not an instruction to change the rate at which U.S-based FTEs would decrease and foreign-based FTE's would increase, but was instead an instruction to stop the Transition Plan as it existed at the time and change course." (Dkt. #189 at p. 6–7).

The Court does not agree with Defendant that the new evidence is relevant because it bears directly on the central issue in the case. After considering the new evidence in its entirety, the Court agrees with Plaintiff and finds that the new evidence not relevant. Defendant's relevancy determination is inconsistent with the Court's summary judgment order—in particular, that the Contracts clear and unambiguous language must be enforced as written (*See* Dkt. #172 at 9–15). As mentioned above, the new evidence will be relevant if it would tend to make AT&T's instruction a revision of the Transition Plan—a necessary element of Defendant's breach of contract claim— more likely. The Contract's unambiguous language is clear: a revision of the Transition Plan occurs only "in the event AT&T decides to staff a *higher proportion* of FTEs in the Philippines location or any other global location" (*See* Dkt. #5-1 at p. 3) (emphasis added). Defendant claims that the new evidence is relevant to its breach of contract claim by establishing that AT&T's instruction constitutes a revision because it was "an instruction to *stop* the Transition Plan as it existed at the time and change course." (Dkt. #189 at p. 6–7). However, the fact that the new evidence shows that AT&T's instruction was "an instruction to stop the Transition Plan as it existed at the time and change course" has no bearing on whether AT&T's instruction amounted to a revision of the Transition Plan. Nor has Defendant explained how or why AT&T's instruction being "an instruction to stop the Transition Plan as it existed at the time and change course" is relevant in determining whether AT&T's instruction amounted to a revision of the Transition Plan. Again, to be relevant, and thus admissible, the new evidence would need to make it more probable that

AT&T's instruction was an instruction to "staff a higher proportion of FTEs in the Philippines location or any other global locations." (Dkt. #5-1 at p. 3). Thus, it cannot be said that Defendant's new evidence assists the factfinder in deciding the case. Accordingly, the Court finds that Defendant's new evidence should be excluded under Federal Rule of Evidence 401 because it is irrelevant—i.e., the new evidence does not tend to make it more probable that AT&T's instruction to halt the Transition Plan amounted to a revision of the Transition Plan, which is the sole fact of consequence in determining Plaintiff's liability.

### III.     Prejudicial Evidence

Plaintiff argues that even if Defendant's new evidence is arguably relevant to any properly pleaded claim, which Plaintiff denies, the Court should still exclude the new evidence because any marginal relevance it may have is substantially outweighed by the danger of unfair prejudice, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (Dkt. #190 at p. 2). More specifically, the new evidence concerns "a different, subsequent contract not pleaded by either party, and without justification, was designated so close to trial that Plaintiff had insufficient time to investigate and prepare to counter the evidence both factually and legally" (Dkt. #190 at p. 2). The Court agrees with the Plaintiff.

Rule 403 of the Federal Rule of Evidence allows the Court to exclude evidence, even if relevant, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence." *Petry v. Texas Dep't. of Crim. Just.*, 2021 WL 9881598, at *2 (E.D. Tex. June 29, 2021). However, "Rule 403 does not render any evidence that results in prejudice inadmissible." *Meier*, 2021 WL 2043187, at *3. Rather "the probative value must be substantially outweighed by the danger of unfair prejudice." *Id.*; *see also Broughton v. Livingston Indep. School*

*Dist.*, 2010 WL 4453763, at *3 (E.D. Tex. Nov. 3, 2010) (explaining that "the touchstone of excluding evidence under Rule 403 is not prejudice, but *unfair* prejudice, which must substantially outweigh the probative value of the evidence") (cleaned up).  The Court "must determine whether the prejudicial effect of the proposed evidence outweighs its probative value." *Meier*, 2021 WL 2043187, at *3 (citation omitted) (cleaned up). "To do so, the court must identify and weigh the potentially prejudicial effect of the proffered evidence." *Id.* "Importantly, however, unfair prejudice as used in Rule 403 is not to be equated with testimony that is merely adverse to the opposing party." *Id.* (citation omitted). "Virtually all evidence is prejudicial; otherwise it would not be material." *Id.* (citation omitted). "Rather, the prejudice must be unfair." *Id.* (citation omitted) (cleaned up).

     Because the Court has already found that Defendant's new evidence is not relevant the Court does not need to determine whether the probative value of the new evidence is substantially outweighed by the danger of unfair prejudice in order to exclude the evidence. However, for the purposes of completeness, the Court will address this argument. Here, even if the Defendant's new evidence passes the Rule 401 threshold, the Court finds that it should still be excluded because any probative value the new evidence may have is substantially outweighed by the danger of unfair prejudice. As stated above, the probative value of the new evidence is minimal because it does not assist the fact finder in deciding the single narrow issue in the case. Indeed, the Court finds that if the new evidence were admitted, it poses a significant risk of unfair prejudice. More specifically, Defendant's new evidence risks misleading the jury to believe that evidence of a completely different, post-amendment, contract between Plaintiff and AT&T, to which Defendant was not a party, is relevant in determining Plaintiff's liability for breach of the Contract at issue. *See*

*DataTreasury Corp. v. Wells Fargo & Co.*, 2010 WL 11538713, at *16 (E.D. Tex. Feb. 26, 2010) (excluding evidence of *other litigation* to prove defendant's liability should be excluded under Rule 403 because it is not relevant to the patents at suit or is otherwise shown to be relevant to issues raised at trial); *see also Harris v. BMW of North America, LLC*, 2022 WL 125345, at *2 (E.D. Tex. Jan. 12, 2022) (excluding the proffered evidence to "avoid confusion of the issues between the bulletins, the engines and the other technical aspects of this case."). Accordingly, the Court finds that even if Defendant's new evidence passes the Rule 401 threshold (it does not) the new evidence should still be excluded under Federal Rule of Evidence 401.

## IV.     Trial By Ambush

Plaintiff argues that the Court should exclude the new evidence to ensure a fair trial (Dkt. #190 at p. 3). More specifically, Plaintiff argues that if the Court allows Defendant to use the new evidence, then the Court would allow Defendant to conduct a "trial by ambush," which would be contrary to well-established Fifth Circuit precedent (Dkt. #190 at p. 3). Defendant, on the other hand, does not explicitly rebut Plaintiff's trial by ambush argument. However, Defendant argues that the Court should allow the new evidence, despite being disclosed just days before trial, because it is necessary after the Court's summary judgment order changed the central issue at trial (*See* Dkt. #175 at ¶ 2; Dkt. #189 at p. 5). The Court agrees with Plaintiff.

The Fifth Circuit has repeatedly held that one of the purposes of the Federal Rules of Civil Procedure is to prevent a trial by ambush. *See e.g., Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978) ("The [federal rules of discovery] are designed to narrow and clarify the issue and give the parties mutual knowledge of all relevant facts, thereby preventing surprise."); *Olivarez v. GEO Group, Inc.*, 844 F.3d 200, 204 (5th Cir. 2016) ("Rule 26(a)(1)'s automatic disclosure requirement was adopted to end two evils that had threatened civil litigation: expensive and time-

13

consuming pre-trial discovery techniques and trial-by-ambush"); *Hosseini-Browder v. Hosseini*, 2024 WL 5454595, at *1 (W.D. Tex. Nov. 22, 2024) ("The purpose of Rule 37(c)(1) is to prevent an ambush, resulting in surprise or prejudice, or undisclosed or late disclosing evidence.") (citation omitted). Put simply, the idea behind preventing trial by ambush is that the Court should not allow a party to strategically "lie behind a log and ambush the other party" either during or near trial or after it is too late for opponent to do anything about it. *See Crown Castle Fiber, L.L.C. v. City of Pasadena, Texas*, 76 F.4th 425, 439 (5th Cir. 2023); *see also Bettes v. Stonewall Ins. Co.*, 480 F.2d 92, 94 (5th Cir. 1973).

Here, the Court finds that allowing Defendant's new evidence to stand, which was disclosed just days before the trial was set to begin, would permit precisely the type of ambush litigation that the discovery rules are designed to prevent. Defendant's new evidence—which added twenty-four new exhibits, offered an entirely new deposition designations for one of its prior witnesses, and added designations for three new witnesses—is a complete overhaul of its original trial exhibit list. More importantly, Defendant is now seeking to utilize the new evidence to support a breach of contract theory that was never properly incorporated into Defendant's case just six days before trial. Defendant's new breach of contract theory, which was created near the eve of trial, attempts to use Plaintiff's negotiations of a separate, post-amendment, contract with AT&T, to which Defendant was not a party, to prove that Plaintiff breached the Contract at issue. If the Court admits Defendant's new evidence, Plaintiff would be severely prejudiced because it would be facing the possibility of being held liable under a breach of contract theory it had no opportunity to prepare for and defendant against. Accordingly, the Court finds that the new evidence should be excluded because it would be fundamentally unfair to allow Defendant to engage in trial by ambush.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Exclude (Dkt. #190) is hereby **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** this 16th day of September, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE