# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ALORICA INC., *Plaintiff*, v. TECH MAHINDRA (AMERICAS) INC., *Defendant*. | § § § § § § § § § | Civil Action No. 4:24-cv-30<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Alorica Inc.'s Application for Attorneys' Fees, Costs, and Interest (the "Motion") (Dkt. #224). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This is a breach of contract case. On January 12, 2024, Plaintiff Alorica Inc. ("Plaintiff") filed this action against Defendant Tech Mahindra (Americas) Inc. ("Defendant") asserting claims for: (1) breach of contract, (2) suit on sworn account, (3) quantum merit, (4) money had and received, (5) promissory estoppel, and (6) unjust enrichment (Dkt. #1). On March 12, 2024, Defendant filed its Original Answer and asserted counterclaims for breach of contract and promissory estoppel (Dkt. #5 at pp. 5–7). On February 10, 2025, Defendant filed its Second

Amended Answer, adding a counterclaim for fraudulent misrepresentation (Dkt. #69 at p. 18).[1] Each of the claims at issue in this lawsuit were based on the same set of operative facts and arguments—that is, the parties had a contractor-subcontractor relationship governed by an Order Agreement and Amendment and that either Defendant failed to pay under the terms of the agreements or Plaintiff overcharged Defendant.

On September 8, 2025, a jury trial commenced in the above-captioned action. On September 10, 2025, the jury returned a verdict in favor of Plaintiff, finding that Defendant breached the contract and awarded Plaintiff damages in the amount of $2,210,078.81 (Dkt. #207 at pp. 1–2). On September 16, 2025, the Court entered Final Judgment in this case ordering that Plaintiff shall recover from Defendant: (1) actual damages in the amount of $2,210,078.81; (2) pre-judgment interest; (3) post-judgment interest on all sums at the federal rate provided by 28 U.S.C. § 1961(a) beginning on the date judgment is entered; (4) costs of court; and (5) attorneys' fees (Dkt. #218 at p. 2).

On October 7, 2025, Plaintiff filed its Application for Attorneys' Fees, Costs, and Interest, seeking an award of $1,006,089.52 for attorneys' fees and $63,829.52 for costs and expenses that it incurred in prosecuting its breach of contract claims and pre- and post-judgment interest (Dkt. #224 at p. 1). On October 21, 2025, Defendant filed its Response, requesting that the Court stay Plaintiff's motion for attorneys' fees, costs, and interest pending resolution of its appeal

[1] On August 28, 2025, the Court issued a Memorandum Opinion and Order ruling on the parties' cross-motions for summary judgment (Dkt. #172). The Court's summary judgment ruling significantly narrowed the issues for trial by dismissing all the parties' claims *except* Plaintiff's claims for breach of contract and suit on sworn account and Defendant's claims for breach of contract and fraudulent misrepresentation (Dkt. #172 at p. 21). On September 2, 2025, the issues to be tried were further narrowed after Defendant voluntarily dismissed its counterclaim against Plaintiff for misrepresentation (Dkt. #174). As a result, there was but a single narrow issue for the jury to decide: whether the contract was breached, and if so, by whom (Dkt. #172 at p. 15).

(Dkt. #226 at p. 1). In addition to requesting a stay, Defendant specifically opposes Plaintiff's request for costs related to trial exhibits, which it contends are not recoverable under binding appellate precedent (Dkt. #226 at p. 1). On November 4, 2025, Plaintiff filed its Response in Opposition to Defendant's request to stay its application for fees and cost pending resolution of the appeal (Dkt. #229). The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I. Attorney's Fees

After determining whether attorney's fees are recoverable under the applicable law, courts use the lodestar method to calculate reasonable attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id.* The requested rates should fall "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant legal community is the community where "the district court sits." *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation modified). The lodestar is presumptively reasonable. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)

"The party seeking attorneys' fees must present adequately recorded time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended on the litigation. *Id.*

The Court then considers whether the circumstances warrant a lodestar adjustment. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). In making any adjustment, the Court

considers twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. *Id.* (citing *Johnson*, 488 F.2d at 717–19).[2]

The most critical factor in determining reasonableness is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex rel. Douglas W. v. Hou. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (citation modified). Three of the *Johnson* factors—complexity of the issues, results obtained, and preclusion of other employment—are fully reflected in the lodestar amount. *See Heidtman v.*

[2] In diversity cases like this one, where the substantive issues are governed by Texas state law, Texas law applies to an award of attorneys' fees. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case."). Under Texas law, the Court considers the *Arthur Andersen* factors, not the *Johnson* factors, when determining the reasonableness of an award of attorneys' fees. *See Plains Cotton Coop. Ass'n v. Gray*, 672 F. App'x 372, 377 n.4 (5th Cir. 2016). These factors are: "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered." *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Because neither party requests an upward or downward adjustment of the lodestar, the Court finds no reason to adjust the "presumptively reasonable" lodestar figure based on the *Arthur Andersen* factors. *See, e.g.*, *Morrow v. City of Tenaha Deputy City Marshal Barry Wash.*, No. 2:08-CV-00288-JRG, 2017 WL 11631495, at *10 (E.D. Tex. Nov. 15, 2017) ("As lodestar enhancements are generally reserved for 'exceptional' circumstances and [p]laintiffs are not seeking an upward adjustment of the lodestar, the [c]ourt declines to adjust the lodestar upward or downward." (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554–55 (2010)).

*City of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citing *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990)).

## II. Bills of Costs

Federal Rule of Civil Procedure 54(d) dictates that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). This provision "creates a 'strong presumption' in favor of awarding costs to a prevailing party, and 'a district court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.'" *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (quoting *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012)); *see also Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). This is so because the denial of costs is considered "in the nature of a penalty." *Shwarz*, 767 F.2d at 131 (citation modified).

Awardable costs are set forth by the federal costs statute, 28 U.S.C. § 1920. Under § 1920, courts may award the following types of costs to the prevailing party:

1. Fees of the clerk and marshal;
2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The United States "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Child.'s Med. Ctr. v. The New Eng. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (internal quotations marks omitted) (quoting *Mota v. Univ. of Tex. Hou. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001)). The party seeking recovery under § 1920 bears the burden of proving the amount and necessity of those costs. *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-cv-00764-WCB-RSP, 2015 WL 164072, at *1 (E.D. Tex. Jan. 13, 2015) (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)). The prevailing party carries the burden to demonstrate that the costs it seeks are recoverable. *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 804 (E.D. Tex. 2012), *aff'd sub nom.*, *Eolas Techs. Inc. v. Amazon.com, Inc.*, 521 F. App'x 928 (Fed. Cir. 2013).

The Court has discretion to deny costs when the "suit was brought in good faith *and* denial is based on at least one of the following factors: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (citation modified).

## ANALYSIS

Plaintiff argues that as the prevailing party in this action it is entitled to an award of $1,006,089.52 for attorneys' fees, $63,829.52 for costs and expenses it incurred in prosecuting this breach of contract action, $284,396.01 in pre-judgment interest, and post-judgment interest on all sums awarded at a rate of 3.66% per annum from the date of entry of judgment until the date the

judgment is paid in full (Dkt. #224 at p. 15).[3] Defendant does not dispute that Plaintiff is entitled to an award of attorneys' fees, costs, and pre- and post-judgment interest (*See* Dkt. #226). Defendant does, however, raise two arguments in response to Plaintiff's motion for attorneys' fees, costs, and interest. First, Defendant argues that the Court should stay consideration of Plaintiff's motion for attorneys' fees, costs, and interest pending resolution of its appeal to the Fifth Circuit (Dkt. #226 at p. 2). Second, Defendant argues that, at the very least, the Court must deny Plaintiff's request for $34,197.04 in costs related to trial exhibits since they are not recoverable under binding Fifth Circuit precedent (Dkt. #226 at pp. 2–4).

Before turning to the merits of the parties' respective arguments, a threshold issue to be addressed is the legal significance of Defendant's failure to oppose the attorneys' fees, the full amount of costs, and an award of pre- and post-judgment interest requested by Plaintiff. "In the context of a fee award to be paid by a litigation opponent, the court generally is not obligated to scrutinize the fee motion in the absence of formal opposition to the fee request. Accordingly, if the party against whom fees will be assessed does not oppose the fee motion, the court may treat the failure to oppose the motion as a concession of the right to a fee or its amount." *Whitney Bank v. Hancock*, No. CIV.A. H-11-2164, 2013 WL 1404822, at *4 (S.D. Tex. Apr. 5, 2013); *see also Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999) (affirming fee award when the appellant did not object and the appellee provided an affidavit to the district court setting forth the amount of fees); *United*

[3] The Court notes that Plaintiff's motion is internally inconsistent as to the amount of attorneys' fees and costs requested. In the motion's introduction, Plaintiff requests $1,088,865.75 in attorneys' fees and $63,829.52 in costs, while the conclusion requests $1,006,089.52 in attorneys' fees and $63,107.65 in costs (Dkt. #224 at p. 1; Dkt. #224 at p. 15). In contrast to its motion, Plaintiff's proposed order requests $1,066,089.52 in attorneys' fees (Dkt. #224-4 at p. 1). The Court will construe $1,006,089.52 for attorneys' fees and $63,829.52 for costs as the requested sums because these amounts are substantiated by the documentary evidence attached to Plaintiff's motion (*See* Dkt. #224-1 at pp. 8–17, 116).

*States ex rel. Wallace v. Flintco, Inc.*, 143 F.3d 955, 971 (5th Cir. 1998) (affirming fee award when the law provided for the award and the appellant did not object). Here, Plaintiff has offered sufficient evidence to support its request for attorneys' fees, a portion of its costs, and pre- and post-judgment interest, and Defendant has failed to present any evidence or argument to the contrary. The Court therefore finds no reason to otherwise deny Plaintiff's request for attorneys' fees, certain costs, and pre- and post-judgment interest. *See Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-00878-RWS-JDL, 2016 WL 9136171, at *3 (E.D. Tex. Oct. 24, 2016) (awarding the defendants $121,667.08 in costs after finding that "[p]laintiff has failed to identify a compelling basis to deny an award of costs to [d]efendants" and given that "[a] strong presumption exists to award costs to the prevailing party." (citation modified)); *Halo Mining Ltd. v. NorthData Holdings, Inc.*, No. 4:24-CV-00090-O, 2025 WL 3677527, at *2 (N.D. Tex. Dec. 18, 2025) ("[T]he Court construes [d]efendants' lack of response or objection as an indication that [d]efendants are unopposed to the attorney's fees sought by [p]laintiff."); *Fed. Land Bank Ass'n of S. Ala., FLCA v. H&H Worldwide Fin. Serv., Inc.*, No. CV H-07-2832, 2009 WL 10693621, at *12 (S.D. Tex. Mar. 19, 2009) (awarding the plaintiff $1,112,466 in attorneys' fees and $115,000 in court costs, finding that "the [plaintiff]'s request for attorney's fees and costs are uncontested and the evidence supports the request."). Accordingly, Plaintiff's motion for attorneys' fees, costs, and interest presents only a single narrow issue for the Court to decide: whether Plaintiff is entitled to recover $34,197.04 in costs associated with trial exhibits under Fifth Circuit precedent.

The Court's analysis will therefore proceed in two parts. First, the Court will address Defendant's request for a stay because, if accepted, it would obviate the need to reach the merits of the instant Motion at this time. Second, if necessary, the Court will proceed to analyze whether

it must deny Plaintiff's request for $34,197.04 in costs associated with trial exhibits under binding Fifth Circuit precedent.

## I. Whether the Court Should Stay Plaintiff's Application for Attorneys' Fees, Costs, and Interest Pending the Fifth Circuit's Resolution of Defendant's Appeal

Defendant argues that the Court should stay Plaintiff's motion for attorneys' fees, costs, and interest pending resolution of its appeal to the Fifth Circuit (Dkt. #226 at p. 1). Defendant contends that judicial economy is served by staying Plaintiff's motion pending appeal because it will prevail on appeal, entitling Defendant, and not Plaintiff, to reasonable attorneys' fees and costs (Dkt. #226 at pp. 1–2). Plaintiff argues in response that Defendant has failed to demonstrate how staying its request would promote judicial economy or efficiency, but rather is merely based on a "we think we should have won argument" (Dkt. #229 at pp. 2–3). The Court agrees with Plaintiff.

Although Federal Rule of Civil Procedure 54 affords the Court broad discretion to defer ruling on an attorneys' fees and costs motion pending resolution of an appeal on the merits, it is not required to do so. *See* FED. R. CIV. P. 54(d)(2) advisory committee's note to 1993 amendment ("If an appeal on the merits of the case is taken, the court *may* rule on the claim for fees, *may* defer its ruling on the motion, or *may* deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." (emphasis added)). Indeed, the great weight of authority is to the contrary. *See, e.g.*, *Burnley v. City of San Antonio*, 470 F.3d 189, 198 (5th Cir. 2006) ("However, in many cases it may be *more* efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case." (emphasis added)); *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2022 WL 1447946, at *2 (N.D. Tex. Feb. 9, 2022) ("Although some courts stay motions for attorneys' fees pending appeal on other rulings, the weight of authority is

that the usual course is for the [c]ourt to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal."). Thus, courts have found that deferring ruling on a motion for attorneys' fees and costs pending resolution of an appeal is appropriate only in limited circumstances. *See Spirit Aerosystems, Inc. v. Paxton*, No. 1:24-CV-472-RP, 2025 WL 1502559, at *1 (W.D. Tex. Feb. 13, 2025) (finding that the "district court has discretion to defer consideration of a fees motion where an appeal is pending where, as here, the 'claim for fees' may 'be effected by the appellate decision.'"); *Team Contractors, L.L.C. v. Waypoint NOLA, L.L.C.*, No. CV 16-1131, 2020 WL 114135, at *2 (E.D. La. Jan. 10, 2020) ("Deferring resolution of an attorneys' fees and cost motion by the prevailing party pending resolution of an appeal is not appropriate in every case, but when faced with complex cases that may be overturned on appeal, [c]ourts have frequently deferred a motion for attorneys' fees until the matter is fully resolved.").

The Court finds that judicial economy is not served by deferring ruling on Plaintiff's motion. Defendant offers little argument as to why the Court should stay Plaintiff's motion for attorneys' fees, costs, and interest other than its own conclusory assertion that it "will prevail on appeal" (Dkt. #226 at p. 1). Nor does the Court find any basis for granting such a request. First, Plaintiff's motion does not present complex issues that will require the Court to expend an extraordinary amount of judicial resources to resolve the matter. Quite the contrary. As mentioned above, Defendant does not dispute Plaintiff's entitlement to attorneys' fees, costs, and interest or the reasonableness of the attorneys' fees and pre- and post-judgment interest requested (*See* Dkt. #226 at p. 1). Instead, Defendant objects only to the portion of the costs that Plaintiff requests for preparing trial exhibits (Dkt. #226 at p. 1). Thus, staying Plaintiff's motion for attorneys' fees,

costs, and interest will not preserve judicial resources as it only requires the Court to resolve but a single narrow issue: whether Plaintiff is entitled to recover $34,197.04 in costs related to trial exhibits. *Compare Team Contractors, L.L.C. v. Waypoint NOLA, L.L.C.*, No. CV 16-1131, 2019 WL 7882130, at *2 (E.D. La. Sept. 18, 2019) ("When a simpler case presents a more streamlined record and reasonably manageable fee and cost submissions, evaluation and determination of this kind of motion before an appeal is resolved do not pose substantial burdens on the court and the parties."), *with Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) ("[R]ather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, the district court wisely deferred ruling on the attorney's fees and costs pending appeal."(citation omitted)), *and Malik & Sons, LLC v. Circle K Stores, Inc.*, No. CV 15-6938, 2017 WL 2455648, at *3 (E.D. La. May 22, 2017) ("By deferring a ruling on attorneys' fees, the [c]ourt will only be required to engage in the task of assessing the reasonable hourly rate, the attorneys' voluminous and disputed time records, and the *Johnson* factors once, if at all.").

Second, Defendant's argument that the underlying appeal *may* be reversed and that Plaintiff *may* consequently recover nothing in fees is precisely the kind of speculative argument that has been found insufficient to warrant staying an otherwise ripe motion for attorneys' fees and costs pending resolution of an appeal. *See Elizondo v. Spring Branch Indep. Sch. Dist.*, No. CV H-21-1997, 2025 WL 2664245, at *2–3 (S.D. Tex. Sept. 17, 2025) (finding that the defendants' speculative arguments about the outcome of the appeal did not warrant deferring consideration of plaintiff's promptly filed motion for attorneys' fees and costs); *Miller Weisbrod, LLP v. Klein Frank, PC*, No. 3:13-CV-2695-B, 2014 WL 2738231, at *4 n.4 (N.D. Tex. June 17, 2014) (rejecting the defendant's

"speculative claim that the underlying state appeal may be reversed and that the parties may subsequently recover nothing," finding that "[s]uch arguments do not weigh strongly in favor of granting a stay in a case where the issues are otherwise ripe for review.").

Therefore, based on the foregoing, the Court finds that Defendant has failed to offer any meaningful reason to delay ruling on Plaintiff's motion for attorneys' fees, costs, and interest. Accordingly, the Court now turns to the merits of Plaintiff's request for $34,197.04 in costs related to trial exhibits.

**II. Whether the Court Must Deny Plaintiff's Request for Costs Associated with Trial Exhibits Under Binding Fifth Circuit Precedent**

Plaintiff argues that the Court should award $34,197.04 in costs incurred for the "graphics, demonstratives, and exhibit displays" that it used throughout trial, which are recoverable as fees for "exemplification" under Section 1920(4) (Dkt. #224 at pp. 12–13). Defendant argues in response that the Court must deny Plaintiff's request for costs associated with trial exhibits under binding Fifth Circuit precedent (Dkt. #226 at pp. 2–4). The Court agrees with Defendant.

It is well-settled in the Fifth Circuit that district courts "may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Mota v. Univ. of Tex. Hou. Health Sci. Ctr.*, 261 F.3d 512, 529–30 (5th Cir. 2001) (noting that this conclusion is consistent with "the Supreme Court's admonition that we strictly construe this provision."). Consistent with the Supreme Court's admonition that Section 1920 be "strictly construed," the Fifth Circuit has adopted a narrow interpretation of the term "exemplification," as used in Section 1920(4), to refer only to "an official transcript of a public record, authenticated as a true copy for use as evidence." *See, e.g.*, *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 3044594, at *2 (E.D. Tex. July 18, 2017) (finding that the Fifth

Circuit, like the First and Sixth Circuits, employs the same restrictive approach to the term "exemplification" in Section 1920(4)); *Mobile Telecomms. Techs., LLC v. Samsung Telecomms. Am., LLC*, No. 2:13-CV-259-RSP, 2015 WL 5719123, at *2–3 (E.D. Tex. Sept. 28, 2015) (construing "exemplification" narrowly, consistent with Fifth Circuit precedents); *Kellogg Brown & Root Int'l, Inc. v. Altanmia Com. Mktg. Co. W.L.L.*, No. CIV.A. H-07-2684, 2009 WL 1457632, at *4 (S.D. Tex. May 26, 2009) (Fifth Circuit "follows the narrow approach" in defining "exemplification"). This narrow interpretation, as explained by other courts in this circuit, avoids "transforming § 1920(4) from a tool to recover relatively minor, incidental expenses into a roving warrant to recover potentially millions of dollars expended on graphics and demonstratives." *Profectus Tech. LLC v. Google LLC*, No. 6:20-CV-00101-ADA, 2022 WL 3362282, at *7 (W.D. Tex. Aug. 15, 2022) (citation modified).

The Court finds that Plaintiff is not entitled to recover the $34,197.04 in costs associated with the trial graphics, demonstratives, and trial exhibits because they do not fall within the language of Section 1920(4) as "fees for exemplification." Section 1920 enumerates specific expenses that a federal court may tax as costs, and the Court may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). The Court does not find that Plaintiff's costs associated with trial graphics, demonstratives, and exhibit displays meet the definition of "exemplification" in Section 1920(4). *See* 28 U.S.C. § 1920(4) ("Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"); *Mobile Telecomms. Techs., LLC*, 2015 WL 5719123, at *2 (defining "exemplification" as "an official transcript of a public record, authenticated as a true copy for use as evidence." (citation modified)). Indeed, this finding is consistent with the decisions of several

other courts within this district that have recently addressed this very issue. *See Touchstream Techs., Inc. v. Charter Commc'ns, Inc.*, No. 2:23-CV-00059-JRG-RSP, 2025 WL 1582347, at *2 (E.D. Tex. June 4, 2025) (finding that the defendant was not entitled to recover $123,837.50 in trial graphics costs because these costs do not meet the definition of "exemplification" in Section 1920(4)); *Veritas Vincit, LLC v. Brown*, No. 4:24-CV-00079-JRG, 2024 WL 4729751, at *4 (E.D. Tex. Nov. 6, 2024) (finding that the plaintiffs are not entitled to recover $7,393.25 in costs associated with trial technology, trial technicians, and courtroom graphics design and presentation because these costs do not meet the definition of "exemplification" in Section 1920(4)). To hold otherwise would be contrary to binding Fifth Circuit precedent and would be error. *See Innovation Scis., LLC v. Amazon.com, Inc.*, No. 2021-2111, 2022 WL 2824675, at *4 (Fed. Cir. July 20, 2022) (reversing this Court's award of $126,399.19 in graphics costs because the Court erred in its construction of Section 1920(4), explaining that "[g]raphics do not meet the definition of exemplification, i.e., "[a]n official transcript of public record, authenticated as a true copy for use as evidence.").

Therefore, the Court finds that Plaintiff has failed to demonstrate that it is entitled to recover its costs associated with trial graphics, demonstratives, and trial exhibits under Fifth Circuit precedent. *See Virtual Radiologic Pros. of Ill., S.C. v. SHPS PLLC*, No. 4:25-CV-374, 2025 WL 3459485, at *2 (E.D. Tex. Dec. 2, 2025) ("Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent, and the prevailing party should not burden the [c]ourt with costs that are clearly not recoverable under the law."). Accordingly, Plaintiff's request for $63,829.52 in costs should be reduced by $34,197.04, the entire amount claimed for trial graphics, demonstratives, and trial

exhibits, as these costs are not recoverable as "fees for exemplification" under Section 1920(4). All other remaining costs requested by Plaintiff are recoverable under 28 U.S.C. § 1920.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Alorica Inc.'s Application for Attorneys' Fees, Costs, and Interest (Dkt. #224) is hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that Plaintiff's request for an award of attorneys' fees in the amount of $1,006,089.52 is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff's request for an award of costs in the amount of $29,632.48 is hereby **GRANTED** and Plaintiff's request for an award of costs is hereby **DENIED** in all other respects.

It is further **ORDERED** that Plaintiff's request for pre-judgment interest in the amount of $284,396.01 is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff's request for post-judgment interest at a rate of 3.66% per annum on all amounts above is hereby **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED this 14th day of August, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE